**GAULT et al. v. BURFORD, Warden.**

No. 3829.

United States Court of Appeals Tenth Circuit.

March 28, 1949.

Mike Gault and Allen Gault, pro se.

No appearance for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and SAVAGE, District Judge.

MURRAH, Circuit Judge.

After exhausting their state remedy by petitioning the Oklahoma Criminal Court of Appeals for a writ of habeas corpus, and the Supreme Court of the United States for a review of the State Court's denial of the writ, Ex parte Gault, Okl.Cr.App., 146 P.2d 133, certiorari denied 325 U.S. 873, 65 S.Ct. 1414, 89 L.Ed. 1991, petitioners applied for a writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma, seeking release from custody of the Warden of the Oklahoma State Penitentiary. The trial court granted the writ, conducted a hearing, denied discharge, and this appeal followed.

According to the record here, on July 2, 1938, petitioners appeared before the District Court of Custer County, Oklahoma, entered pleas of guilty to a charge of burglary and were sentenced to a term of seven years. Petitioner Mike Gault also entered a plea of guilty to a charge of assault with intent to kill and was given a ten year sentence to run concurrently with the seven year sentence on the burglary charge. On the same date petitioners were taken to Beckham County, Oklahoma, arraigned before the District Court and entered pleas of guilty to a charge of robbery with firearms, for which Mike Gault received a sentence of thirty years and Allen Gault a sentence of thirty-three years.

In 1943 petitioners sought release from service of their state sentences by filing a petition for a writ of habeas corpus in the Oklahoma Criminal Court of Appeals. As the basis for the writ, it was contended that they were required to plead to the charge of robbery with firearms without benefit of counsel; that they were denied a preliminary hearing on the charges in Beckham County; that they were given no time after arraignment in which to plead, or after their pleas were entered, all in violation of the Bill of Rights of the Oklahoma Constitution, Sec. 20, Article 2, Okl.St.Ann.Const. An order to show cause was issued; petitioners were taken before the court and

testified at length concerning the facts surrounding their arrest and pleas of guilty. The State court found from petitioners' own testimony that court procedure was not a new and novel experience for them at the time they entered their pleas of guilty, each being a "hardened criminal"; that before their pleas were entered they "bargained for some time with the County attorneys of Custer and Beckham Counties in trying to secure, as they testified, 'the best deal possible'". The court also referred to an affidavit of the sentencing judge in Beckham County to the effect that he advised petitioners of their statutory and constitutional rights; that such rights were waived, and each expressed a desire to enter a plea of guilty and be sentenced instanter. Based upon these findings, the Criminal Court of Appeals held that petitioners had intelligently waived their rights, and that such waiver had not deprived the sentencing courts of jurisdiction to pronounce judgment on their pleas of guilty. See Ex parte Gault, Okl.Cr.App., 146 P.2d 133.

In this application, petitioners allege that they are now being held under sentences imposed by the Oklahoma courts without any "semblance of a fair trial", and invoke the protective cloak of the 14th Amendment. Admittedly, the contentions are substantially the same as were presented to the Criminal Court of Appeals and the Supreme Court of the United States in the petition for certiorari, with the exception that petitioners now further allege that one of the state officers told them their sister and her husband would be committed to the State Penitentiary for a crime they did not commit, unless petitioners entered pleas of guilty—that "if it had not been for what the officer told them", they would not have pleaded guilty.

Testifying in support of the allegation that their pleas of guilty were induced by misrepresentations made by a state officer, petitioner Allen Gault reiterated the allegation and reluctantly named the state officer, alleged to have made the statement. He then stated that his testimony with respect to the other allegations of their petition would be the same as the testimony in support of the application for the writ in the Criminal Court of Appeals. Petitioner Mike Gault stated that his testimony would be the same as his co-petitioner's. The records of the proceedings in the Criminal Court of Appeals and the Supreme Court of the United States were introduced into evidence, and the case was thereupon submitted to the trial court.

The Oklahoma court of last resort having fully considered and adjudicated petitioners' contentions with respect to due process of law, in accordance with humane concepts of a fair hearing, and the Supreme Court of the United States having refused to intercede, the trial court might have with judicial propriety declined to issue the writ, out of a rightful respect which the Federal courts owe and accord state judicial processes. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. But, it did not stop there—it went the full length of its flexible jurisdiction. It issued the writ, the petitioners were brought into open court and permitted to testify freely. The trial court was at pains to determine if there were any other facts bearing upon the question of due process, which were not presented to and decided by the state court. Having ascertained from the petitioners that there were none, the court then proceeded to examine the proceedings in the state court and on certiorari to the Supreme Court of the United States, upon the records submitted by petitioners. From these records, the trial court determined that petitioners had been accorded a full and complete hearing in the state appellate court, and that in passing upon the constitutional rights of the petitioners the state court had given consideration to every constituent element of due process, and had factually resolved those issues in favor of due process.

Although the factual adjudications in the Oklahoma appellate court are not strictly res judicata, Waley v. Johnson, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Cobb v. Hunter, 10 Cir., 167 F.2d 888, they are entitled to great weight and credence in determining whether, in the last analysis, the petitioners had been accorded due process in the state courts. Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524,

68 L.Ed. 999; Wells v. United States, 318 U.S. 257, 63 S.Ct. 582, 87 L.Ed. 746; Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989; Cobb v. Hunter, supra; Pope v. Huff, 79 U.S.App.D.C. 18, 141 F.2d 727; Garrison v. Johnston, 9 Cir., 151 F.2d 1011. Any other procedure would require the Federal courts to retry every criminal case in the state courts, where due process is challenged. Our duty to safeguard the supremacy of the constitutional command does not go that far.

Petitioners complain that the trial court, in accepting the verity of the Oklahoma Court's factual adjudications, referred to and relied upon an affidavit of the sentencing court, which they allege was not a part of the record before the Oklahoma appellate court, and contend in effect that the court's judgment is based upon ex parte evidence which they did not have an opportunity to refute. The fallacy of this contention is that the trial court's judgment does not rest on the probative value, or the admissibility of the evidence forming the basis of the Oklahoma court's judgment. Rather, it is based upon the controlling weight accorded a judgment of a court of competent jurisdiction, equally charged with the duty of vouchsafing due process under the 14th Amendment, as well as under the State requirements of due process. i. e. See Wade v. Mayo, 334 U.S. 672, 673, 68 S.Ct. 1270; White v. Regan, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739; Ex parte Hawk, 321 U.S. 114, 64 S. Ct. 448, 88 L.Ed. 572.

The judgment is affirmed.