Donald David JONES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6874.

United States Court of Appeals
Tenth Circuit.

Feb. 8, 1962.

Phillips Breckinridge, Tulsa, Okl.
(John M. Imel, U. S. Atty., Tulsa, Okl.,
was with him on the brief), for appellee.

Before PICKETT, LEWIS and HILL,
Circuit Judges.

LEWIS, Circuit Judge.

Appellant was convicted upon six counts of an indictment charging the unlawful trafficking in narcotics. 26 U. S.C.A. § 4704(a, b). This court has earlier considered the appellate contentions of two of appellant's codefendants, McMurray and Bryson, and has affirmed the several judgments of conviction. McMurray v. United States (Bryson v. United States), 298 F.2d 619. The instant appeal, perfected pro se, presents three additional claims of error in the trial below. Each claim is raised for the first time on appeal. It is now urged that the trial court erred in not instructing upon entrapment; that the trial court evinced bias by admitting incompetent evidence; and that the record does not affirmatively show that appellant was present at one stage of the trial proceedings.

Appellant's first and second contentions are completely without merit and require no detailed discussion. The record indicates no issue of entrapment nor bias upon the part of the trial judge in any way. Appellant's third contention, however, points out an imperfection in the proceedings below and requires consideration by this court even though the trial court was given no opportunity by motion for new trial or otherwise to consider the claim of error.

The record affirmatively shows that appellant and his counsel were present at every stage of the trial up to and including the giving of instructions to the jury on the afternoon of February 8, 1961. The jury was unable to arrive at a verdict upon that date, was excused over night, and reconvened on February 9. At 9:15 a. m., at the jury's request, the court gave further instructions in the case. Appellant and his counsel were then present. At 11:05 a. m. the jury again re-

turned and a juror asked a question bearing upon the instructions. The court answered the inquiry. The record does not affirmatively show that appellant was then present but does indicate that his counsel was present.[1] At 11:40 a. m. the jury reached and returned its verdict. Both appellant and his counsel were present.

The most that can be said for appellant's contention is that the record does not affirmatively show complete compliance with the provisions of Rule 43, Fed.Rules of Crim.Proc., 18 U.S.C.A. But upon such showing there is no additional burden of showing actual prejudice and, indeed, the absence of a defendant during the course of criminal proceedings can carry constitutional overtones. Fina v. United States, 10 Cir., 46 F.2d 643; Little v. United States, 10 Cir., 73 F.2d 861. Cf. Snyder v. Com. of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674. And we can let stand no conviction where the defendant was not present at all stages of the proceedings unless the record completely negatives any reasonable possibility of prejudice arising from such error. Our review of the record here convinces us that there is no reasonable possibility of prejudice to appellant in the instant case.

Appellant was represented by able counsel during the entire course of the trial. Appellant was personally present at the impanelling of the jury and at the return of the verdict and at all stages of the proceedings except during the answering of a single inquiry of a juror. Counsel was present at all stages and had full opportunity to object to any irregularity. The juror's inquiry related to a question of law, not fact, and was adequately covered by the court's instructions given earlier in the appellant's presence. Appellant's presence would have been no aid to his defense and it is apparent that he suffered no prejudice. In such case appellant was not denied a fair trial and is not entitled to a new trial. Outlaw v. United States, 5 Cir., 81 F.2d 805; Ferrari v. United States, 9 Cir., 244 F.2d 132; United States ex rel. Shapiro v. Jackson, Warden, 2 Cir., 263 F.2d 282; Burley v. United States, 10 Cir., 295 F.2d 317.

The judgment is affirmed.

---

1. The latter fact appears by apparent coincidence. The record does not contain the routine notation as to those present during the incident. It does show, however, that appellant's counsel approached the bench during the proceedings.