James Richard **ELLIS**, Petitioner,

v.

The **DISTRICT COURT OF STEPHENS COUNTY**, Ray Page, Warden, State Penitentiary and the State of Oklahoma, Respondents.

No. A–13814.

Court of Criminal Appeals of Oklahoma.

April 27, 1966.

Rehearing Denied Oct. 18, 1967.

James Richard Ellis, pro se.

George Hill, McAlester, for petitioner.

No appearance or response by the State.

NIX, Judge.

This is an original proceeding filed by the petitioner, James Richard Ellis, in which he alleges his Constitutional right to appeal has been denied him, and he seeks an order of this Court granting him permission to perfect his appeal out of time.

This Court ordered an Evidentiary Hearing in the District Court of Stephens County, Oklahoma, and the Honorable Arthur J. Marmaduke immediately complied with this order, sending this Court a transcript of the hearing.

From the record, it is apparent that the petitioner was represented by very competent legal counsel at his trial, Mr. George Hill of McAlester; Mr. Sam Sullivan of Durant; and Mr. Jack Rose of Ft. Smith, Arkansas. At the time judgment and sentence were pronounced, October 7, 1963, there was filed a Motion for New Trial. No notice of intent to appeal was *ever* given; no request for casemade at public expense, or in any other manner; no affidavit forma pauperis ever filed by defendant; and no affirmative attempt to perfect an appeal in his case within the time prescribed by law.

This charge of Murder was first filed on petitioner in October, 1962. He entered a plea of guilty rather hastily, and then filed a Writ of Habeas Corpus in this Court for his release, alleging that he had been coerced into the plea of guilty.

This Court sustained his allegations in July, 1963, in the case of In re Ellis, Okl. Cr. 383 P.2d 706, and ordered his release, and a new trial. This is the trial that petitioner now attempts to bring before this Court by Post-Conviction Appeal.

It is the opinion of this Court that when a defendant does not serve notice of his intent to appeal, does not request a casemade, or make any affirmative attempt to perfect his appeal in the trial court before the time for appeal has expired, he cannot be heard to complain that his Constitutional rights have been violated or denied; and application to Court of Criminal Appeals for Post-Conviction Appeal will be denied.

BRETT, J., concurs.

BUSSEY, P. J., absent, not participating.