**James Richard ELLIS, Appellant,**

v.

**STATE OF OKLAHOMA and Warden Ray H. Page, Appellees.**

No. 12–70.

United States Court of Appeals, Tenth Circuit.

Aug. 28, 1970.

Rehearing Denied Oct. 5, 1970.

Phillip A. Less, Arvada, Colo., for appellant.

H. L. McConnell, Asst. Atty. Gen., Oklahoma City, Okl. (G. T. Blankenship, Atty. Gen. of Okl., Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Appellant is currently serving a life sentence imposed after a jury found him guilty of first degree murder. This appeal is taken from denial of Ellis' petition for a writ of habeas corpus, without a hearing. The substance of the petition, and this appeal, is an alleged denial of Fourteenth Amendment rights springing from a juror's outside communication with a third party during appellant's 1963 trial.

After conviction and sentencing no appeal was taken to the state appellate court. In 1965, Ellis petitioned the Oklahoma Court of Criminal Appeals for a writ of habeas corpus on two grounds: that he was denied his right to appeal and that his constitutional right to a fair trial was inhibited by outside jury communications. An *ex parte* hearing was conducted by the state district court, and the writ was denied. On petition for rehearing, the Court of Criminal Appeals ordered the district court to conduct a supplemental hearing in which Ellis and his lawyer were to be present and able to call witnesses and present evidence. The district court held, after the hearing, that the requested relief should be denied. Appellant then instituted an original proceeding in the Court of Criminal Appeals wherein he alleged denial of his

right to appeal and sought permission to perfect an appeal out of time. That application was also denied. Ellis v. District Court of Stephens County, 432 P.2d 503 (Okl.Cr.1966).

Appellant then sought relief in the Federal District Court pursuant to 28 U.S.C. § 2241(c) (3). In his petition he alleges that unidentified persons telephoned a juror sitting in his case, and that the juror's wife was subjected to communications and harassment, causing her panic and distress and causing her to ask her husband to withdraw from the jury. Ellis states that the juror notified the trial judge; that a conference was held in the judge's chambers with the judge, the prosecutor and one of Ellis' three attorneys present; and that the defense attorney waived objection to the juror in the absence of the defendant. These allegations appear substantially as they were related in the second state evidentiary hearing.

The constitutional issues framed by the petition are: (1) that appellant was denied the right to adequate assistance of counsel at trial; (2) that the right to be tried by an impartial jury was denied; and (3) that due process rights were violated by not insuring Ellis' presence at or knowledge of the *in camera* discussion. After reviewing the transcript of the state evidentiary hearing, the federal district court held that Ellis had been afforded a full and fair hearing upon his allegations in the state court proceeding; that no further hearing would be beneficial; that Ellis did not allege any defect in the state proceeding within the meaning of 28 U.S.C. § 2254 and, resultingly, denied relief.

▆ One of the most basic of the rights guaranteed by the Confrontation Clause of the Sixth Amendment is the accused's right to be present at every stage of his trial. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). The question in this case is whether, after the jury has been selected and sworn in defendant's presence, and before any evidence was tendered, the Confrontation Clause grants the defendant an absolute right to have actual knowledge of and participate with his attorney in an *in camera* discussion concerning a juror's qualifications.

▆▆ Since the absence of a criminal defendant during the course of proceedings which are critical to the trial process carries constitutional overtones, appellant is under no burden to show actual prejudice for it will be presumed.[1] However, as we stated in Jones v. United States, 299 F.2d 661, 662 (10th Cir. 1962), "we can let stand no conviction where the defendant was not present at all stages of the proceedings unless the record completely negatives any reasonable possibility of prejudice arising from such error."[2]

Appellant cites three cases deemed to be analogous and governing on his situation. In Ingram v. Peyton, 367 F.2d 933 (4th Cir. 1966), a state habeas corpus proceeding, Ingram's attorney discovered after the trial that a prosecution witness, whose name was misspelled on the witness list, had an earlier perjury conviction. This discovery was discussed with the trial judge, in chambers, in connection with a motion to set aside the verdict or for a new trial. Ingram was not present, did not know of the crucial information, and took no appeal. The case was ultimately remanded for an evidentiary hearing, but not on grounds which will support Ellis. In Virginia, the forum state, it is an absolute rule of law in felony cases that a prisoner must be present in court when his motion for a new trial is made. Thus, the presence

---

1. Jones v. United States, 299 F.2d 661 (10th Cir.1962); Fina v. United States, 46 F.2d 643 (10th Cir. 1931).

2. *See also* Ware v. United States, 376 F. 2d 717 (7th Cir. 1967); Walker v. United States, 116 U.S.App.D.C. 221, 322 F.2d 434 (1963); United States v. Woodner, 317 F.2d 649 (2d Cir. 1963); United States v. Compagna, 146 F.2d 524 (2d Cir. 1944).

or absence of actual prejudice is irrelevant. That is a difference with distinction and will not coalesce with the rule of this Circuit that the presumption of prejudice may be rebutted.

United States v. Crutcher, 405 F.2d 239 (2d Cir. 1968) was a federal trial in which the defendant was not present when the jury was selected. The case differs from the instant controversy by the applicability of Rule 43, F.R.Crim.P., 18 U.S.C., which explicitly requires the defendant's presence during the empaneling of the jury.

Near v. Cunningham, 313 F.2d 929 (4th Cir. 1963), involving a state prisoner petitioning for a writ of habeas corpus, is most similar to the case at bar. Near was not present in the trial judge's chambers when the judge, counsel for Near and the prosecutor agreed not to sequester the jury under custody of an officer during court recesses. The Fourth Circuit seems to say in dicta that the accused's absence from the in camera discussion, without more, would entitle him to the writ. To that extent, the opinion varies from our decision in Jones v. United States, supra, and if those were the facts of the case, we would not be inclined to follow the decision. But those are not the facts upon which the decision rests. During the recesses the jurors were allegedly exposed to inflammatory statements by spectators, engaged in conversations with third parties about the case, and heard a television newscast concerning the trial. By remanding the case to determine the prejudicial effect of any outside communications, the court recognized the rule that although defendant had the right to be present, if the prosecution could prove an absence of actual prejudice, the exclusion would be considered harmless error. In the instant suit, a hearing has already been conducted and we may rely upon that evidence.

By deciding that a criminal defendant does not have an absolute constitutional right to be a participant in such in camera discussions where his lawyer is present, the question narrows itself to whether the communication itself, as related in the in camera proceeding, was actually prejudicial. Generally, in a criminal case, any private communication with a juror during trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial.[3] The presumption is, however, rebuttable and may be overcome by a showing that the communications were harmless and did not in fact prejudice the rights of the defendant.[4] Although the Attorney General of Oklahoma only touched upon these most serious constitutional questions in his brief, our own independent investigation of the prior proceedings convinces us that all reasonable possibilities of prejudice have been completely negatived.

First, the acquaintanceship between the juror and the wife of the defendant's victim was known by the defendant and his lawyers. On voir dire, the juror volunteered that he knew the wife of the deceased. And during the in camera proceeding the defendant's lawyer said he had assumed that the two had dated. This was known by the defendant and his three lawyers during jury selection, yet the juror was not challenged either for cause or peremptorily. Manifestly it was trial strategy which compelled the defendant to raise no objection to this juror's qualifications. The choice indicates, at minimum, a strong confidence in the juror's ability to sit with impartiality.

The phone call was obviously a communication with a third party. But it did not have the prejudicial content of the conversations in the cases relied on

3. Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

4. Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954); Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892); United States v. Gersh, 328 F.2d 460 (2d Cir. 1964); Jones v. United States, 299 F.2d 661 (10th Cir. 1961); Johnson v. United States, 207 F.2d 314 (5th Cir. 1953).

by appellant.[5] The caller inquired "Do you think you can honestly render a fair decision on this?" To which the juror answered "Yes." Then the caller said "Now you know you can't because you've dated the victim's wife." The juror told them it was none of their business and promptly hung up. There was no threat, coercion or bribe involved. There was nothing relayed in the conversation which defendant did not already know. And nothing about the evidence, testimony, or verdict of the trial was ever mentioned. The same is true of the comments made by the juror's wife.[6]

Furthermore, both the prosecutor and the defense lawyer queried whether the juror would be able to render a fair and impartial verdict. The juror repeated that unless convinced otherwise he would acquit the defendant. We believe that the totality of this cumulative evidence is adequate to rebut the presumption of prejudice. It is a heavy and difficult burden, the satisfaction of which the appellant will probably always doubt because an acquittal was not obtained. But that is not the test. Surmise and suspicion may not be used to assail the integrity of a jury; it is presumed that jurors will be true to their oath and will conscientiously observe the instructions and admonitions of the court. Baker v. Hudspeth, 129 F.2d 779 (10th Cir. 1942).

To prevent even the possibility of an impairment of a defendant's constitutional rights, we would momentarily digress to suggest to all trial courts of this Circuit, that when a question arises during the trial as to the ability of a juror to continue to serve, the defendant be given actual notice of any discussion to be held on the matter.[7]

On the foregoing state of facts, appellant also argues that he was denied his constitutional right to adequate assistance of counsel. We cannot excuse the failure of appellant's retained counsel to notify the defendant of the *in camera* proceeding. But that failure, in light of the preceding discussion, is not adequate to call for a new trial. Neither do the other assigned errors constitute reversible mistake. The burden on appellant to establish his claim of ineffective assistance of counsel is heavy. Neither hindsight nor success is the measure for determining adequacy of legal representation. "It is the general rule that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. Goforth v. United States (10th Cir. 1963), 314 F.2d 868 * * *." Williams v. Beto, 354 F.2d 698, 704 (5th Cir. 1965). And this test is applicable to cases in which counsel is retained by or for an accused as well as to cases in which counsel is appointed to represent an indigent defendant. Bell v. State of Alabama, 367 F.2d 243 (5th Cir. 1966).

The order of the district court denying the writ is accordingly affirmed.

---

5. *E. g.*, in Near v. Cunningham, 313 F.2d 929 (4th Cir. 1963) the third parties opined as to the proper punishment, including statements that petitioner should be killed.

6. For other cases holding outside communications with jurors to be harmless,

*see* Annotation: Communications With Jury, 98 L.Ed. 656, 659–60.

7. In federal trials Rule 43, F.R.Crim.P., 18 U.S.C., comes into play and 8A Moore's Fed.Pract. ¶43.03 [3], at 43–13 should be noted.