**Robert H. KEATON, Appellant,**

v.

**The DISTRICT COURT OF OKLAHOMA COUNTY, and the State of Oklahoma, Appellee.**

**No. C–73–215.**

Court of Criminal Appeals of Oklahoma.

Dec. 5, 1973.

Harry James, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

DECISION AND OPINION

BRETT, Judge:

This is an appeal by writ of certiorari from a plea of guilty entered in Oklahoma County District Court Case No. CRF–73–505, to the charge of Concealing Stolen Property. Appellant was sentenced to serve four years confinement in the State Penitentiary. Appellant, who will hereinafter be referred to as defendant as he appeared in the trial court, was sentenced on July 9, 1973. On July 17, 1973, defendant requested to withdraw his plea of guilty and enter in lieu thereof a plea of not guilty. Defendant's application was denied and this appeal was lodged.

The question presented by defendant in this appeal is: "Was defendant induced to

enter the plea of guilty on the basis of false promises?"

The facts reveal that defendant reported to the police that his motorcycle had been stolen. As the result of the report, and investigation, the police determined that the motorcycle was one that had been stolen from another person and was then given to defendant. About July 20, 1972, Lt. Dale Croft of the Edmond Police Department interrogated defendant at the police department concerning the motorcycle. Defendant identified a photograph of the motorcycle and the officer accused him of stealing the vehicle. The officer informed defendant that he had a warrant for the search of his home, and advised defendant of his "Miranda Rights." Defendant asserts that during the interrogation the officer told him if he would assist him [the officer] in clearing up certain other thefts he would assist him in obtaining a two (2) year deferred sentence. Consequently, defendant wrote out a complete statement concerning the theft of five or six other motorcycles, some "mag automobile wheels," and the robbery of one home. Later, Lt. Croft also engaged in a discussion with defendant's attorney and advised him that he would assist defendant in obtaining the deferred sentence, if defendant would assist him. On June 26, 1973, almost a year after the investigation commenced, Lt. Croft wrote a letter to Mr. Don Watson of the State Division of Probation and Parole, in which he stated, "It is my recommendation that this subject [defendant] be given 5 years to do." The next month defendant was formally sentenced to serve four years confinement.

Defendant first entered his plea of guilty on May 8, 1973, and requested a pre-sentence report. The second plea of guilty was entered on July 9, 1973, after defendant had just passed his twentieth birthday. At that hearing certain testimony was taken from Lt. Croft, Mr. Don Watson, the probation officer who prepared the pre-sentence report, and defendant's father. At the conclusion of that hearing defendant was sentenced, upon the prosecutor's recommendation, to serve four years confinement.

Ordinarily plea bargaining is engaged in between the prosecutor and defense counsel. However, if defendant's contention is true, that he was promised assistance in obtaining a deferred sentence if he confessed to his part in the crimes, and if he cooperated with the investigating officer, which prompted him to make a complete confession, then a serious question of the confession's validity arises if the police officer's motivating promise was not fulfilled, notwithstanding the Miranda rights advice.

At the sentencing hearing, Lt. Croft testified that defendant had been cooperative in the investigation. The Lieutenant also testified that, "He [defendant] voluntarily wrote out a complete statement." . . . "On the—when I first had contact with him [defendant], we agreed to correlate these past cases. He was supposed to attempt to recover all the merchandise and if not to make restitution which has not been done." . . . "He has brought back a few parts of motorcycles and a few parts of mag wheels there and other parts to the insurance company for over $700.00." On cross-examination, the Lieutenant testified further concerning the return of items, "[I]t was a little slow I might say, but he tried." He was then asked by defense counsel, "Did you know at the time you were talking to him whether any actual crime had been commited other than this?" The Lieutenant replied, "I had heard rumors but I didn't know they had actually been committed." He was then asked, "But, you would had had no evidence except what Bob Keaton told you? Is that right?" The Lieutenant said, "That's right."

This Court cited Sholes v. State, 97 Okl.Cr. 158, 260 P.2d 440 (1953), in the matter of In Re Ellis, Okl.Cr., 383 P.2d 706, 709 (1963), and stated:

"[t]o constitute coercion on the part of officers, there must exist facts indicative

of conscious effort to produce fear or frustration, or hope by promises of reward."

The Attorney General cites Mack v. State, Okl.Cr., 492 P.2d 670 (1972), as authority to overcome defendant's contention, but we are not here concerned with the legality of defendant's arrest, but with the promise made by the police officer in order to obtain defendant's confession, which also served as the inducement for defendant's plea of guilty. The record is clear that the police officer had no actual knowledge of other offenses which had been committed; that the officer, by his own testimony, told defendant he would render assistance in obtaining a deferred sentence under certain conditions, which included the confession; and that the officer entered into the same agreement of assistance with defendant's counsel, which appears to be counsel's justification for allowing defendant to enter the plea of guilty; and that the officer did not fulfill his promises to defendant, as evidenced by the letter written to the probation officer. Consequently, notwithstanding that the facts of the instant case do not specifically fall within the ordinary realm of "plea bargaining," it is clear that the plea of guilty entered by defendant resulted from the promises made to him, which were not fulfilled.

In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, the United States Supreme Court held:

"A plea of guilty, if induced by promises or threats which deprive it of the character of a voluntary act, is void." 368 U.S. at 493, 82 S.Ct. at 513.

We are therefore of the opinion that defendant's plea of guilty was not his free and voluntary act, and is therefore void; and that the judgment and sentence in Oklahoma County District Court Case No. CRF–73–505, should be vacated and set aside, that defendant should be permitted to withdraw his plea of guilty, and that defendant should be discharged from further confinement by the State Department of Corrections, subject to further proceedings in the district court.

It is therefore ordered that the sentence herein be vacated, and defendant returned to Oklahoma County authorities for further proceedings in the district court; and in rendering this decision we do not pass upon the validity or invalidity of defendant's confession for the offense for which defendant stands charged.

BLISS, P. J., and BUSSEY, J., concur.