The **UNITED STATES** of America,
Plaintiff-Appellee,

v.

**Eloy BACA, Defendant-Appellant.**

No. 73-1698.

United States Court of Appeals,
Tenth Circuit.

April 11, 1974.

Harris L. Hartz, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty.), for plaintiff-appellee.

G. F. Linn, Denver, Colo., for defendant-appellant.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Eloy Baca appeals from the sentences imposed following jury verdicts of guilty to four counts of an indictment charging that he and two co-defendants did unlawfully, knowingly and intentionally possess with intent to distribute and did in fact distribute a quantity of heroin in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2.

Baca contends that the District Court erred in: (1) denying his Motion to Dismiss; (2) in refusing to order the Government to furnish him with a Bill of Particulars; (3) in refusing to order the Government to disclose the name of its informer prior to trial; and (4) in excusing a juror from further service, after trial had commenced.

I.

Baca contends in his brief on appeal that the Court erred in denying his Motion to Dismiss on the grounds that 21 U.S.C.A. § 841(a) is not a permissible exercise by Congress of its power under the Commerce Clause. His position was abandoned, however, during oral argument in light of our opinion in United States v. King, 485 F.2d 353 (10th Cir. 1973). We held in *King* that § 841(a) is a valid exercise by Congress of the power granted it under the Commerce Clause. We there favorably referred to two opinions from other circuits which have held likewise. United States v. Scales, 464 F.2d 371 (6th Cir. 1972); United States v. Lopez, 459 F.2d 949 (5th Cir. 1972), cert. denied 409 U.S. 878, 93 S.Ct. 130, 34 L.Ed.2d 131 (1972).

## II.

Appellant argues that the Court erred in refusing to order the Government to furnish him with a Bill of Particulars as to the exact location at which the offenses alleged in the indictment were committed. The indictment alleged that Baca committed the offenses on specific dates "in the State and District of New Mexico." In his pre-trial motion for a Bill of Particulars, Baca asked that the Government be required, inter alia, "to provide us with the exact street address or location at which the defendant Baca is alleged to have possessed the heroin" together with "the exact address or location at which the defendant allegedly distributed the heroin . . . ." Counsel for appellant argued that this information was required so that Baca could prepare for trial and avoid surprise at trial.

The appellant concedes that the grant or denial of a motion for a Bill of Particulars rests within the sound discretion of the trial court. We have held that granting or denying motions for Bills of Particulars is within the discretion of the Court, and that denial of such a motion will not be disturbed on appeal unless that discretion was abused. United States v. Cooper, 464 F.2d 648 (10th Cir. 1972), cert. denied 409 U.S. 1107, 93 S.Ct. 902, 34 L.Ed.2d 688 (1973); United States v. Gleeson, 411 F.2d 1091 (10th Cir. 1969).

At the request of the trial court, the Government responded that "the transactions took place at or near the homes of the persons charged in the indictment and enroute between the homes." The home address of Baca was specifically designated by him in the Bail Reform Act Order as 2504 Camellia Court, S. W., Albuquerque. The Government's chief witnesses, Mrs. Moya and Detective Prestwood, testified that the charged narcotics transactions occurred at or near Baca's residence identified as 2504 Camellia Court, S.W., and at Johnny Valles' residence identified as Mervosh Circle. Baca voluntarily testified.

He acknowledged the same residence addresses.

Prior to trial Baca's Motion for Severance of the parties defendants for purposes of trial was granted. The guilty verdicts returned against Baca were rendered on Counts I, II, III and IV wherein Baca and Johnny Valles were jointly charged. Each count contained specific allegations of the persons charged, the substantive offenses alleged to have been committed, the exact dates of commission, and that the defendants unlawfully, knowingly and intentionally possessed the heroin with intent to distribute same in "the State and District of New Mexico." Each charge further contained specific references to the provisions of the United States Code containing the substantive offenses charged.

Baca would, on appeal, urge reversal on the ground that the indictment did not specifically identify the *times* and *places* of the charged offenses. Both contentions are without merit. In Kokotan v. United States, 408 F.2d 1134 (10th Cir. 1969), we held that the phrase "on or about" when used in an indictment in connection with a *specific date* which is intended to indicate the time that the offense was committed is adequately proved if the evidence establishes that the offense was committed within a few weeks of the date, where the specific time is not an ingredient of the offense. In the instant case the Government proved the commission of the offenses charged on the *specific dates* alleged to the satisfaction of the jury.

This court has held that allegations that the offenses had occurred "at Albuquerque" [United States v. Baca, 451 F.2d 1112 (10th Cir. 1971), cert. denied 405 U.S. 1072, 92 S.Ct. 1524, 31 L. Ed.2d 806 (1972)], or in "the City and County of Denver" [Sepulveda v. United States, 415 F.2d 321 (10th Cir. 1969)], or "within the jurisdiction of the trial court" [Flores v. United States, 338 F. 2d 966 (10th Cir. 1964)], or within the federal district, without specifying a county or division [Butler v. United States, 197 F.2d 561 (10th Cir. 1952)],

were sufficiently definite. The Court did not err in denying Baca's motion for a Bill of Particulars.

### III.

Baca contends that the Court erred in refusing to order the Government to disclose the name of its "informer," a Mrs. Margaret Moya, prior to trial. We hold that the trial court did not err.

Prior to trial, Baca moved for an Order requiring the Government to disclose the name of its "informer" in order to permit him to adequately prepare for trial. The Government argued that in view of the fact that no search warrants were involved and no arrests were effected prior to indictment, that the United States was not obligated to reveal its "witnesses" at that time. The Court denied Baca's motion.

The "informer," Mrs. Margaret Moya, held a commission from the Sheriff's office in Albuquerque during the period of the charged offenses. Her duties were to effect purchases of narcotics on an undercover basis. She used the fictitious first name of Juanita. She worked on the case with another government "informant," Mr. Cody Prestwood, a detective with the Bernalillo County Sheriff's office.

Mrs. Moya testified that she participated in and witnessed the transactions from which Baca was found guilty. Her testimony directly and unqualifiedly tied Baca to the offenses charged, and was corroborated in material respects by the testimony of Detective Prestwood.

 It is settled law in this circuit that, in the absence of a statutory or constitutional requirement, the government is not required to endorse the names of its witnesses on the information or indictment, nor is there a requirement that the government disclose its witnesses in any manner, except in a case where trial is for treason or other capital offense. 18 U.S.C.A. § 3432; United States v. Seasholtz, 435 F.2d 4 (10th Cir. 1970); United States v. Hughes, 429 F.2d 1293 (10th Cir. 1970);

Nipp v. United States, 422 F.2d 509 (10th Cir. 1969), cert. denied 397 U.S. 1008, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970); Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968); Thompson v. United States, 381 F.2d 664 (10th Cir. 1967). A narcotics violation indictment which fails to list the name of an informer does not deny the defendant of his right to be confronted by witnesses against him. Davidson v. United States, 349 F.2d 530 (10th Cir. 1965). Such charges do not involve treason or other capital offense.

### IV.

Baca contends that the trial court erred when, after having been informed by a juror that she wished to be excused because she was frightened, the Court proceeded to excuse her without explanation thereof to the rest of the jury. He also alleged error in that he was not informed of the circumstances, and that he was not present in the Judge's chambers when the matter of her excusal or selection of a substitute juror was discussed. He also contends that the Court erred in continuing the trial without investigating to determine whether the balance of the jury might not be able to render a fair and impartial verdict.

At the commencement of the second day of trial the Judge conferred with counsel in his chambers, advising them that Juror Virginia Garcia had sent word to him that she wished to be taken off of the jury because she knew some of the "womenfolk involved" and was frightened. The Judge stated that he had not talked with her personally about the matter, but that he had sent word to her not to talk to any of the other jurors about it. The Judge then suggested to counsel that perhaps she should be excused, and that one of the alternate jurors should replace her. Counsel for appellant agreed, subject to examination of Mrs. Garcia in the Judge's chambers. Baca's counsel did not at any time suggest to the Court that his client be present.

Juror Garcia stated during the *in camera* examination that she had not discussed her "problem" with any of the other jurors. She stated that she had seen some women out in the hall who caused her to feel that she could not sit as a fair and impartial juror. When Baca's counsel requested that the Court inquire a "little more into her fear or what it is about," the Judge refused to do so because of her statement that she could not render a fair and impartial verdict. She was thereupon excused and the first alternate juror was placed in her chair.

Prior to the *in camera* examination, counsel for Baca objected to the excusal of Mrs. Garcia even if the other jurors "are not infected," and further that if she were excused "we would move for a mistrial." After Juror Garcia was excused and the first alternate directed to take her place in the jury box, counsel for Baca did not interpose further objection or raise any motions.

■ One of the basic rights guaranteed by the Sixth Amendment is the right of an accused to be present at every stage of his trial. Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The issue, then, is whether, after the jury had been selected and sworn in the presence of Baca, and after evidence had been tendered at trial, the Confrontation Clause of the Sixth Amendment granted Baca an absolute right to have actual knowledge of and participate with his attorney in the *in camera* session concerning the excusal of Juror Garcia and her replacement by the first alternate juror.

In Jones v. United States, 299 F.2d 661 (10th Cir. 1962), cert. denied 371 U.S. 864, 83 S.Ct. 123, 9 L.Ed.2d 101 (1962), we stated:

. . . . we can let stand no conviction where the defendant was not present at all stages of the proceedings unless the record completely negatives any reasonable possibility of prejudice arising from such error.

Baca argues that he was denied his right to a fair trial and impartial jury when the trial court did not declare a mistrial both because he was prejudiced by not being present during the *in camera* examination of Juror Garcia, and because of the presumption which arises from the mere possibility of prejudice to the accused from an extraneous influence upon the other jurors. Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954); Ellis v. State of Oklahoma, 430 F.2d 1352 (10th Cir. 1970), cert. denied 401 U.S. 1010, 91 S. Ct. 1260, 28 L.Ed.2d 546 (1971).

In Ellis v. State of Oklahoma, *supra*, we held that a criminal defendant *does not* have an absolute constitutional right to be a participant in an *in camera* examination of a juror where his lawyer is present and that the question then narrows itself to whether the communication itself, as related in the *in camera* proceeding, was actually prejudicial. We further there held that the presumption of prejudice may be overcome by a showing that the communications were harmless and did not in fact prejudice the rights of the defendant.

■■ Rule 43, Fed.R.Crim.P., 18 U. S.C.A, provides, inter alia, that the defendant shall be present at the arraignment and at every stage of the trial including the impaneling of the jury and at the imposition of the sentence. Deprivation of a defendant's right to be present at every stage of trial is subject to the harmless error rule and exchanges between the judge and jurors will not constitute reversible error lacking showing of clear prejudice to the absent defendant. United States v. Freed, 460 F.2d 75 (10th Cir. 1972); United States v. Jorgenson, 451 F.2d 516 (10th Cir. 1971), cert. denied 405 U.S. 922, 92 S.Ct. 959, 30 L.Ed.2d 793 (1972); Little v. United States, 73 F.2d 861 (10th Cir. 1934).

■ Our review of the record convinces us that there is no reasonable possibility of prejudice to appellant Baca by reason of his absence during the *in camera* examination of Juror Garcia. Further, while the trial court did not

permit Baca's counsel to make specific inquiry of Juror Garcia relative to her cause or reason for fright, we are convinced that when Mrs. Garcia unequivocally stated that she could no longer hear and decide the case fairly and impartially that the Court had no recourse but to excuse her from further jury service. The Trial Judge personally observed Mrs. Garcia and made his decision to excuse her based upon her demeanor and credibility.

██ The Trial Judge instructed the jurors on all appropriate occasions not to discuss the case with each other. We have held that we will not impute to jurors a disregard of their express duties. Aiuppa v. United States, 393 F.2d 597, 604 (10th Cir. 1968), vacated and remanded, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969), cert. denied 404 U. S. 871, 92 S.Ct. 60, 30 L.Ed.2d 114 (1971); Welch v. United States, 371 F. 2d 287 (10th Cir. 1966), cert. denied, 385 U.S. 957, 87 S.Ct. 395, 17 L.Ed.2d 303 (1966). It is presumed that jurors will be true to their oath and will conscientiously observe the instructions and admonitions of the Court. Ellis v. State of Oklahoma, *supra*; Baker v. Hudspeth, 129 F.2d 779 (10th Cir. 1942).

Affirmed.