**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SALVADOR MARTINEZ,

    Defendant-Appellant.

No. 03-3003
(99-CR-40072-RDR)
(D. Kan.)

**ORDER AND JUDGMENT ON PETITION FOR REHEARING EN BANC**

Before **SEYMOUR,** Circuit Judge, **MCWILLIAMS,** Senior Circuit Judge, and **HARTZ,** Circuit Judge.

Martinez was found guilty of possessing, and conspiring to possess, more than 500 grams of methamphetamine. (500 grams = ½ kilogram). At sentencing, the district court fixed Martinez' initial offense level at 36. Based on the Pre-Sentence report, the district court, over objection, then raised Martinez' offense level by two levels, holding that "this case involved at least 76.79 [76,790 grams] kilograms of methamphetamine." U.S.S.G. 2 D1.1(c)(1). Over further objection, the district court, based on the Pre-Sentence Report, then enhanced Martinez' offense level by two more levels, i.e., to 40, because Martinez possessed a dangerous weapon during the commission of the two crimes he was convicted of, U.S.S.G. 2 D1.1(b)(1). And finally, over objection, the district court

enhanced Martinez' offense level by four more levels, i.e., to 44, based on his finding that Martinez was an "organizer or leader" as defined in U.S.S.G. 3B1.1(a). As indicated, Martinez objected to all of these enhancements on the ground that the record did not support any of them. The guideline range for one with an offense level of 44, coupled with Martinez' Criminal History Category of I, was life imprisonment, and the district court, apparently somewhat reluctantly, sentenced him to life imprisonment.[1] The guideline range for one with a total offense level of 36, which was Martinez' offense level without the three enhancements, and a Criminal History Category of I, was 188 to 235 months imprisonment.

On direct appeal, Martinez raised two issues. First, he argued the district court committed trial error in connection with various evidentiary rulings, all of which required a reversal of his conviction. Second, he argued that the record did not support the district court's two-level enhancement of his offense level for possessing a firearm during the commission of his offenses, nor did it support his four-level enhancement for being an organizer or leader. We rejected those arguments and affirmed Martinez' conviction and sentence.

---

[1] After stating that life imprisonment "is the only sentence available in Defendant's guideline range," the court went on to speak as follows: "And I might say we have looked to try to find something that we could – by which we could mitigate the sentence and – and it would stand up. And so far, we have not found anything. I assume there might be something, might be something that – that can be found, I – I don't know. I'm sure your attorney will look for something that will mitigate this – this sentence."

Martinez did not file a timely petition for rehearing. However, by subsequent order of Court, Martinez was permitted to file an untimely petition for rehearing, en banc. In that petition, Martinez challenged our holding that the district court did not err in its ruling on evidentiary matters, and again argued that the evidence did not support his conviction. There was no challenge, as such, in that petition to Martinez' sentence.

Martinez later sought, and received leave of Court, to file a supplemental brief in support of his petition for rehearing en banc. In that brief, Martinez relied on the then recently announced *Blakely v. Washington,* _____ U.S. _____ , 124 S.Ct. 2531 (2004). Relying on *Blakely,* counsel argued that Martinez' sentence of life imprisonment should be vacated because the sentence was based, in part, on facts which he had not admitted, nor were the "facts" which the district court relied on established beyond a reasonable doubt by a jury, and, on the contrary, were "found" by the judge based on a preponderance of the evidence standard. In that brief, Martinez challenged the factual predicate for the two-level increase of his base offense level based on the amount of methamphetamine involved. At the same time, he challenged the two-level enhancement for possessing a weapon and the four-level enhancement for being an "organizer and a leader," contending in each instance that those "facts" were neither admitted nor established by a jury.

By order of Court, the government filed a supplemental brief in opposition to Martinez' supplemental brief raising the *Blakely* issue. The government's position is that

any error in sentencing was not "plain error" and, in any event, was not "reversible plain error."  Martinez then filed a reply brief.

All of the foregoing events occurred prior to *United States v. Booker-Fanfan,* __ U.S. __, 125 S.Ct. 738 (2005).  Although neither party has sought to file a further brief on the impact of *Booker-Fanfan* on the instant case, we must, and do, consider *Booker-Fanfan* in disposing of the present appeal.  *See United States v. Booker-Fanfan*, 125 S.Ct. at 768-69.

Under the law as it existed at the time of sentencing, the district court committed no error in sentencing Martinez to life imprisonment.  However, we now know that the district court erred in sentencing Martinez to life imprisonment.  Such is in violation of *Booker-Fanfan*.  Where there has been a change in the law occurring between the time the judgment and sentence were imposed in the district court, but before we have concluded the appellate process, we apply the law as it exists at the time of our writing.  *Johnson v. United States*, 520 U.S. 461, 468 (1997).  Applying then the law as it presently exists, we now know that the district court erred.  The question then is whether we will recognize and correct that error, even though the matter was not raised in the district court.  In such circumstances we first look at Fed. R. Crim. P. 52.

Rule 52(a) states that any district court error that does not affect substantial rights must be disregarded on appeal.  There is no suggestion that the error in this case is "harmless error."  Martinez was "harmed," i.e., he received a sentence of imprisonment

- 4 -

for life, which sentence was in violation of the his Sixth Amendment rights.

Rule 52(b) states that plain error that affects substantial rights may be considered by us on appeal even though, for one reason or another, it was not brought to the district court's attention. 52(b) seems to apply to our case.

As indicated, the general rule is that a matter not raised in the district court may not be raised on appeal. If the district court, and counsel, overlooked law existing at the time when the case was in the district court, we may, however, on appeal, consider such under Fed. R. Crim. P. 52(b). It would appear that the same rule applies where, even though under the then existing law, the district court committed no error, the law is changed in the interval between when the case left the district court and before we had made a final review of the case. In the case of a "change in law," we also must first find "plain error." Rule 52(b) requires a further finding that there be "plain error that affects substantial rights." To satisfy that requirement "usually means that the error must have affected the outcome of the district court proceedings." *United States v. Cotton,* 535 U.S. 625, 632 (2002). Courts have added an additional requirement that not only must there be a finding that "substantial rights" were violated, but also there must be a further finding that such violation "seriously affects the fairness, or integrity, or public reputation of judicial proceedings." In this connection, "an error may 'seriously affect the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *United States v. Olano,* 507 U.S. 725, 736-7 (1993). All of which has

culminated in a so-called "four-prong" test to establish "plain error."

We hold that Martinez has met the so-called four-prong test, i.e., he has shown "error," that was "plain" which affected his substantial rights, i.e., a violation of Martinez' Sixth Amendment rights at sentencing involves a substantial right, which we believe also affects the fairness and integrity of the judicial process and would seriously affect the "public reputation of the judicial proceedings." And, we would add, for us, in such circumstances, to take no corrective action would further demean the judicial process. Thus, we conclude that Martinez has met the four-prong test.[2]

Accordingly, the mandate which heretofore issued on June 7, 2004, is recalled, and the petition for rehearing en banc is granted in part, and denied in part. That part of the petition seeking to reverse Martinez' conviction is denied, and, in accordance therewith, we reaffirm our earlier affirmance of Martinez' conviction. Moreover, that part of the petition, more particularly the supplemental brief filed in support of Martinez' petition for rehearing en banc, which was based on *Blakely,* is also denied. However, Martinez' sentence is vacated in light of *Booker-Fanfan*, and in accord therewith, we remand the case to the district court for resentencing, with direction that the district court, after full hearing, impose a sentence consistent with *Booker-Fanfan*, as well as the views herein

---

[2]The so-called four-prong test is applied "less rigidly where reviewing a potential constitutional error." *United States v. Dazey,* 403 F.3d 1147, 1174 (10th Cir. 2005). *See also United States v. James,* 257 F.3d 1173, 1182 (10th Cir. 2001).

expressed.[3]

There remains a disposition of Appellant's petition for rehearing en banc. In this regard, Appellant's petition for rehearing en banc was circulated to all the active judges of the court who are not recused. No judge having called for a poll, the petition for rehearing en banc is denied. The mandate shall be re-issued forthwith.

ENTERED FOR THE COURT,

ROBERT H. MCWILLIAMS
Senior Circuit Judge

---

[3]We believe our disposition of the present appeal comports with *U.S. v Dazey.* We recognize, as the Court recognized in *Dazey*, that Rule 52(b) is couched in non-mandatory language, *i.e.,* the district court "may" consider plain error. However, under the facts of this case, for a district court <u>not</u> to consider plain error would be a clear abuse of discretion. Martinez is presently under a sentence for life imprisonment, which under *Booker-Fanfan* was the result of constitutional error. And, of course, under *Booker-Fanfan*, the USSG are only advisory, and not mandatory.