**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SALVADOR MARTINEZ,

      Defendant - Appellant.

No. 07-3074
(D.C. No. 99-CR-40072-03-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

      Defendant-Appellant Salvador Martinez appeals from his sentence of 20 years' imprisonment on two drug convictions. He argues that (1) the district court improperly calculated the advisory guideline sentencing range based upon facts not found by the jury or admitted by him, or based upon insufficient evidence for a leadership role enhancement and possession of a firearm

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

enhancement, and (2) the sentence was unreasonable under 18 U.S.C. § 3553(a).

Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we

affirm.

Background

The parties are familiar with the facts which were set out in United States

v. Martinez, 97 F. App'x 869 (10th Cir. 2004), and we need not restate them here.

This is an appeal from a sentence imposed on a Booker remand.  See United

States v. Martinez, 136 F. App'x 173 (10th Cir. 2005).  The district court

previously sentenced Mr. Martinez to life imprisonment.  On remand, the district

court relied on its earlier findings and sentenced Mr. Martinez to 20 years'

imprisonment by granting a downward variance.[1]

Discussion

We review a sentence imposed for reasonableness, which has both

procedural and substantive components.  United States v. Hamilton, No. 06-5231,

2007 WL 4393257, at *6 (10th Cir. Dec. 18, 2007).  A procedural challenge

concerns the method used to calculate the sentence, including the advisory

---

[1]  Mr. Martinez has moved for leave to file a supplemental brief and what
we interpret as a motion to remand ("pro se argument for remand following
resentencing").  As he is represented by competent counsel, the motion will be
denied.  See United States v. Hildreth, 485 F.3d 1120, 1125 (10th Cir. 2007).

guideline range.  Id.  We agree with the government that Mr. Martinez' objection to basing the enhancements on facts found by a preponderance of the evidence by a judge, rather than by a jury beyond a reasonable doubt, was not raised below. Our review of that issue is therefore for plain error.  See United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006).  Here, there was no error, plain or otherwise, because our precedent has rejected that contention.  United States v. Magallanez, 408 F.3d 672, 685 (10th Cir. 2005).  With respect to Mr. Martinez' argument that there was insufficient evidence supporting his role in the offense or a firearms enhancement, Mr. Martinez merely reasserted his earlier objections, and those were rejected in his prior appeal.  See Martinez, 97 F. App'x at 873.  Those objections are barred by the law of the case.  See Roth v. Green, 466 F.3d 1179, 1187 (10th Cir. 2006).

Next, we consider the substantive component of reasonableness.  We review this for an abuse of discretion.  Gall v. United States, No. 06-7949, 2007 WL 4292116, *6 (U.S. Dec. 10, 2007); Rita v. United States, 127 S. Ct. 2456, 2465 (2007).  Mr. Martinez contends that a proper application of the § 3553(a) factors would have resulted in a sentence significantly below the 20 years' imprisonment he received.  He argues that his "family ties, length of time to first offense, lack of criminal history, and employment record are atypical and in his case justified a sentence of substantially less than [the] 20 years['] imprisonment imposed."  Aplt. Br. at 12.

The question is not whether the district court could have justified a lower sentence, however, but rather whether it abused its discretion in imposing the 20-year sentence. On this point, we hold that the district court did not abuse its discretion. It considered each factor Mr. Martinez argues "justified" a lower sentence as well as the other § 3553 factors and arrived at a reasonable determination. II Aplt. App. at 9.

AFFIRMED. All pending motions are denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge