**UNITED STATES COURT OF APPEALS**

**March 3, 2010**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

SALVADOR S. MARTINEZ,

  Defendant-Appellant.

No 09-3228
(D.C. No. 5:09-cv-04078RDR;
5:99-cr-40072-JAR-3)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **SEYMOUR,** and **EBEL**, Circuit Judges.

---

Salvador Martinez, a pro se litigant, filed a petition under 28 U.S.C. § 2255

seeking relief from his conviction on drug charges. The district court denied Martinez'

§ 2255 petition, but did not grant Martinez a certificate of appealability, which we treat as

a denial of the certificate. See 10th Cir. R. 22.1(C). Martinez now seeks a certificate of

appealability so that he may appeal the district court's order. See 28 U.S.C. § 2253(c).

We DENY Martinez' request for this certificate.

Martinez was convicted by a jury of two drug related offenses: (1) conspiring to

possess with the intent to distribute more than 500 grams of methamphetamine in

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 21 U.S.C. §§ 846 and 841(a)(1); and (2) possession with the intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a). See United States v. Martinez, 97 Fed. Appx. 869, 870-71 (10th Cir. 2004) (unpublished) (Martinez I). Martinez was sentenced to life imprisonment on each count. Id. at 871. On direct appeal, this court affirmed Martinez' convictions and sentences. Id. However, this court later recalled the mandate from its previous opinion, reaffirmed its affirmance of Martinez' convictions, and vacated his sentence, remanding to the district court for resentencing in light of United States. v. Booker, 543 U.S. 220 (2005). United States v. Martinez, 136 Fed. Appx. 173, 175-76 (10th Cir. 2005) (unpublished) (Martinez II). On remand, the district court sentenced Martinez to 20 years' imprisonment, and this court affirmed. See United States v. Martinez, 311 Fed. Appx. 80, 80-81 (10th Cir. 2008) (unpublished) (Martinez III).

We will grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "To meet this standard, a petitioner must demonstrate 'that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Boutwell v. Keating, 399 F.3d 1203, 1211 (10th Cir. 2005) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). Here, Martinez has failed to make the required showing.

"Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered in a collateral attack by a motion pursuant to

2

§ 2255. <u>United States v. Prichard</u>, 875 F.2d 789, 791 (10th Cir. 1989) (<u>per</u> <u>curiam</u>) ; <u>see</u> <u>also</u> <u>United States v. Warner</u>, 23 F.3d 287, 291 (10th Cir. 1994) (applying rule to alleged sentencing errors); <u>United States v. Cook</u>, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (applying rule to alleged evidentiary errors).  Martinez' three core evidentiary claims[1] were all raised in his direct appeal and this court concluded that "none constitute error, let alone plain error."  <u>Martinez I</u>, 97 Fed. Appx. at 871, <u>aff'd in relevant part by</u> <u>Martinez II</u>, 136 Fed. Appx. at 175-76.  Similarly, Martinez also argues that he was materially prejudiced because the district court judge fell asleep during his cross-examination of a witness; however, this alleged error was raised and rejected on direct appeal.   <u>Martinez I</u>, 97 Fed. Appx. at 872, <u>aff'd in relevant part by</u> <u>Martinez II</u>, 136 Fed. Appx. at 175-76. Additionally, all the sentencing errors Martinez alleges were rejected by this court either in his first direct appeal, <u>Martinez I</u>, 97 Fed. Appx. at 873 (rejecting errors regarding application of firearm and leadership enhancements), or in his second direct appeal after resentencing following the <u>Booker</u> remand, <u>Martinez III</u>, 311 Fed. Appx. at 81 (finding the sentence imposed was reasonable, the district court did not err in its fact-finding, and

---

[1] The three claims are (1) the district court erred by allowing a police officer and a co-conspirator to testify in support of the credibility of another witness who was also a co-conspirator, (2) the court erred by permitting hearsay and irrelevant testimony that Martinez had threatened and attempted to kidnap a co-conspirator's fiancé and her daughter, and (3) the court erred by allowing hearsay and opinion testimony that Martinez had registered the title of the vehicle in which drugs were found in the name of a deceased woman.

the errors raised in prior appeals were procedurally barred).  Thus, none of these alleged

errors warrant a certificate of appealability.[2]

Finally, Martinez' claim for ineffective assistance of counsel also does not warrant

a certificate of appealability.  We agree with the district court that Martinez has generally

set forth only conclusory allegations.  See United States v. Fisher, 38 F.3d 1144, 1147

(10th Cir. 1994) (rejecting pro se conclusory allegations of ineffective assistance of

counsel).  Moreover, Martinez' general complaint about his counsel's approach to cross-

examination, without more, presents a question of trial strategy.  Pickens v. Gibson, 206

F.3d 988, 1002 (10th Cir. 2000) ("Trial strategy includes determining how best to cross-

examine witnesses.").  To the extent Martinez challenges his counsel's preparation,

Martinez has not alleged any specific facts that would warrant finding his counsel's

performance was unconstitutionally deficient or prejudicial.  See id. at 1001 (citing

Strickland v. Washington, 466 U.S. 668, 687 (1984)).

---

[2] Martinez raises several additional issues that appear to be subsumed by the issues he raised on direct appeal, such as the prosecutor's reference to properly admitted evidence, the prosecutor's alleged use of perjured testimony, insufficiency of the evidence because admitted evidence should not have been admitted, and the trial court's failure to conduct a James hearing before admitting co-conspirator statements.  To the extent these issues were indeed raised on direct appeal, Martinez cannot raise them again in his § 2255 petition.  See Prichard, 875 F.2d at 791.  Conversely, to the extent these issues were not raised on direct appeal, Martinez is likely barred from now raising them in his § 2255 petition.  Warner, 23 F.3d at 291 (noting, however, that defendant must be provided an opportunity to respond to this defense).  In any event, we agree with the district court's rejection of these claims as lacking merit, irrespective of whether they are barred.

Similarly, Martinez also argues that the trial court failed to provide a proper limiting instruction to the jury regarding co-conspirator statements.  Martinez does not appear to have raised this claim in his direct appeal and would likely be barred from raising it here.  See id.  Moreover, we agree with the district court that an adequate instruction was given.

**CONCLUSION**

For the foregoing reasons, we DENY Martinez' request for a certificate of appealability.


Entered for the Court


David M. Ebel
Circuit Judge