**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth Edward BOKINE,
Defendant-Appellant.**

No. 74–3930.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1975.

W. T. Acklen, Eagle Pass, Tex. (Court appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., James W. Kerr, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GODBOLD, Circuit Judge, SKELTON, Associate Judge,* and GEE, Circuit Judge.

SKELTON, Judge:

The appellant was indicted in cause DR–74–CR–11 for violating Title 18 U.S.C. § 3146 by failing to appear for trial on November 15, 1971, before the United States District Court, Del Rio Division, of the Western District of Texas. He was also indicted in cause DR–74–CR–12 for violation of Title 21 U.S.C. § 841(a)(1), in that on or about July 22, 1971, in the Western District of Texas, he did possess, with intent to distribute, approximately 735 barbiturate capsules, a Schedule III Controlled Substance. He pleaded not guilty to both charges and was tried before a jury and was found guilty in both cases on September 11, 1974. On October 1, 1974, he was sentenced to three years imprisonment in DR–74–CR–11 and two years imprisonment in DR–74–CR–12 followed by a special parole of two years. The sentence in the latter case is to run consecutively to that in DR–74–CR–11.

The barbiturates possessed by appellant were found in a search of his

* Of the U.S. Court of Claims, sitting by designation.

person and of his camper vehicle in Eagle Pass, Texas, a town located on the border between Texas and Mexico.[1] At trial the defendant made an untimely motion to suppress the barbiturates. Government witnesses identified the capsules, testified concerning their chemical composition, the going price, method of use, the effect on the user, and the number consumed in a day by a user. One of these witnesses examined the capsules in the presence of the jury and testified that they were not stamped with the name of the manufacturer and, therefore, could not have been validly manufactured in the United States. Government witnesses traced the chain of custody of the capsules from Eagle Pass to the government lab in San Antonio and back to Eagle Pass, and the chemist described the chemical content revealed by lab tests. The capsules were then introduced into evidence. All of this was without objection.[2]

■ The government, having completed its direct case on the drug charge, commenced with its proof on the failure to appear count and presented the testimony of a deputy clerk to introduce records, followed by the United States Magistrate, who had admitted appellant to bail. It was only upon recross-examination of the Magistrate that the defendant for the first time questioned the validity of the search of the vehicle. While the trial judge permitted some evidentiary inquiry into the search, he noted that the capsules were already in evidence and that the motion was not timely. The government pointed out that the motion would require it to reopen its case and produce additional witnesses. Under these circumstances, without regard to the details of the search, the trial judge did not err in declining to grant the motion to suppress.

■ The record shows that during the trial after the court had charged the jury and after the jury had retired to consider its verdict, the jury sent a note to the court reading as follows:

11 Sept. 1974          15:55

Can we find guilty with possession but not guilty with the intent to distribute.

/s/ Arthur Doggett

The court discussed the note with the attorneys and then sent the following reply to the jury, without objection:

9–11–74 at 4 p. m.

Please do your best to recall and apply the evidence through the instructions on the law which I gave you at the close of the case.

/s/ J. H. Wood, Jr., Judge

The record does not show whether appellant was present or absent. His counsel at oral argument admitted that this is true. Notwithstanding this fact, counsel for appellant *assumes* that appellant was not present and from that posture contends that the communication with the jury by the District Court outside the presence of the defendant was plain error. In so doing, without any showing or proof that appellant was absent from the courtroom, it appears that his counsel has created a hypothetical "straw man" and has then proceeded to knock him down. We are not called upon to decide hypothetical questions and do not do so in this instance. The burden was upon appellant to show he was absent during the above proceedings before he could have even an arguable complaint.

---

1. While it has nothing to do with the validity of the search or any of the other issues in this case, it should be recorded that appellant's camper was easily recognized and indelibly remembered. It had a purple bathtub mounted on top.

2. The defense objected to only the introduction of a small number of marijuana cigarettes found on the floor of the camper. As soon as the marijuana was mentioned the defense objected on the ground it was not the subject of the charge and related to an extraneous offense. The court overruled the objection on the ground that the discovery of the marijuana was part of the res gestae. If admission of the marijuana was error, it was error without injury beyond reasonable doubt, *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), in view of the large number of barbiturate capsules and the fact that without dispute defendant had them in his possession.

■ We agree with Government counsel that if there was any error on the part of the District Judge in communicating with the jury in this case as described above, it was harmless error within the meaning of Rule 52(a), Federal Rules of Criminal Procedure. It was pointed out by this court in *Estes v. United States*, 335 F.2d 609, 618 (5th Cir. 1964) that Rule 52(a) must be considered along with Rule 43, otherwise Rule 52(a) would be without operative effect. In *Jones v. United States*, 299 F.2d 661 (10th Cir. 1962), the court said:

> * * * Counsel was present at all stages and had full opportunity to object to any irregularity. The juror's inquiry related to a question of law, not fact, and was adequately covered by the court's instructions given earlier in the appellant's presence. Appellant's presence would have been no aid to his defense and it is apparent that he suffered no prejudice. * * * [*Id.* at 662.]

As in that case, the inquiry of the jury in the instant case related to a question of law and not fact. There was no prejudice to the appellant. *See also United States v. Howard*, 433 F.2d 1 (5th Cir. 1970), *cert. denied*, 401 U.S. 918, 91 S.Ct. 900, 27 L.Ed.2d 819; *United States v. Arriagada*, 451 F.2d 487 (4th Cir. 1971); *United States v. Schor*, 418 F.2d 26 (2d Cir. 1969); *Ware v. United States*, 376 F.2d 717 (7th Cir. 1967) and *United States v. McNair*, 140 U.S.App.D.C. 26, 433 F.2d 1132 (1970) which hold that a defendant must show prejudice to his substantial rights during his absence by a communication by the court with the jury before a conviction will be set aside because of such communication. In this case, the appellant has not shown that he was absent nor that he was prejudiced by the court's message to the jury.

■■ Finally, the appellant contends that the court's answer to the jury's question amounted to an "Allen charge." *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The so-called "Allen charge" is a permissible charge to be given in proper circumstances in this circuit. *Thaggard v. United States*, 354 F.2d 735 (5th Cir. 1965); *United States v. Bailey*, 468 F.2d 652 (5th Cir. 1972), *aff'd en banc*, 480 F.2d 518 (1973) (six judges dissenting); and *United States v. Bass*, 490 F.2d 846 (5th Cir. 1974). Regardless of the criticism of an "Allen charge" and the division among judges as to the propriety of its use, the charge in the instant case is not an "Allen charge" and is not affected one way or the other by arguments as to the use or non-use of such a charge. It should be pointed out that appellant's attorney did not object to the main charge that the court gave to the jury. Neither did he request a charge on a lesser included offense (21 U.S.C. § 844). When the jury sent the message to the District Judge, he answered by telling the jury to recall and apply the evidence through his prior instructions on the law that he had given them at the close of the case. There was no coercion or even suggestion that the jury was required to reach a verdict of any kind, nor that any juror should yield to the decision of the majority in reaching a verdict. The jury was simply left with the court's main charge previously given, with nothing added by the court in his reply note. Nothing was changed, and the jury was in the same position it was in before it sent the message to the court. Furthermore, there was no objection whatever to the court's reply by appellant's attorney who was consulted by the District Judge before the reply was sent to the jury.

Under these circumstances, we conclude that appellant has shown no prejudice by the court's message to the jury, and that there is no reversible error shown by the action of the court in this regard.

The judgment of the District Court is

Affirmed.