Walter WEBSTER

v.

**UNITED STATES of America.**

Civ. No. Y–85–3491.

Crim. No. Y–79–060.

United States District Court,
D. Maryland.

April 30, 1986.

---

MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Prisoner, Walter Webster, filed this motion to vacate his sentence and the underlying judgment of conviction pursuant to 28 U.S.C. § 2255, claiming that his Fifth and Sixth Amendment rights were violated. Webster is currently incarcerated at the Federal Penitentiary, Lewisburg, where he is serving a fifty-year sentence imposed after his 1979 conviction for racketeering activity; conspiring to manufacture, distribute and possess heroin; using the telephone to facilitate the commission of a felony; travelling in interstate commerce to facilitate unlawful activity; and engaging in a continuing criminal enterprise. The government responded to Webster's motion and requests that it be denied.

Webster asserts that his constitutional rights were violated during trial, because the jury was impaneled in his absence while he was detained in the holding cell. Webster admits that he was present at the April 26, 1979, proceeding in the morning, when voir dire commenced. He contends that during the luncheon recess he was taken to the holding cell within the courthouse, and that after lunch he remained in the holding cell and was not returned to the courtroom that day. He further contends that his counsel never objected to Webster's alleged absence and that counsel may not have even noticed that Webster was missing. In support of his motion, Webster filed an affidavit from his trial counsel, Harold Glaser, in which Glaser stated that he could not remember whether Webster was present during the disputed portion of the voir dire, and that Glaser assumed that Webster's assertion of absence was true.

The government's response to Webster's asserted absence is that it is entirely unsupported by any facts, and simply is untrue. Although the parties both state that court reporter notes are unavailable for that portion of the proceedings, the government provided the Court with the daily log which documents the movement of Marshal Freddie D. Williams, now deceased, who the government contends was charged with the custody of Webster. This documentation clearly indicates that the marshal left the courtroom at 1:30 p.m., the time of the luncheon recess, and returned to the courtroom at 2:30 p.m. for the continuing proceedings. The government urges the Court to conclude that Marshal Williams would not have been present without Webster. The government also filed three affidavits with the Court, which includes those of Special Agent William J. Miller who investigated and assisted in Webster's

prosecution, and the two Assistant United States Attorneys who prosecuted the case, Glenn C. Cook and Christopher Ohly. All three affiants state that they remember the proceeding and remember that Webster was present during all stages of the voir dire. Furthermore, Ohly asserts that he "would not have allowed any part of the trial, including voir dire, to proceed without the presence of the lead defendant, Mr. Webster. Nor would Judge Young have allowed any phase of the trial to go forward without any defendant's presence." Finally, the government provided the Court with a portion of the trial transcript from April 25, 1979, prior to the voir dire, which demonstrates that the Court was concerned with issues surrounding the presence of the defendants.

There is no doubt that a defendant's presence at all stages of a criminal trial is fundamental to the basic legitimacy of the criminal process. *Lewis v. United States,* 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011 (1892). *See Illinois v. Allen,* 397 U.S. 337, 342, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970). A defendant's presence is also required under Rule 43, Fed.R. Crim.P., which specifically states that the impaneling of the jury is a portion of the trial during which the defendant shall be present. Voir dire and jury impaneling are important stages of the trial, and there is no way to truly assess the extent of prejudice which defendant could suffer by being absent and unable to confer with counsel. *United States v. Crutcher,* 405 F.2d 239 (2d Cir.1968), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219.

In this context, Webster's assertion, made for the first time six years after the trial, that he was detained in a holding cell while the voir dire was completed and that nobody noticed, is virtually incredible. A determination that all defendants and their counsel are present is a routine prerequisite to commencing every portion of every criminal proceeding. This was a notorious case with multiple defendants. The courtroom was filled with experienced and competent litigators, to whom the principle of having the defendant present is elementary and fundamental. In order to maintain this kind of claim, which on its face and from the circumstances appears highly unlikely, Webster must offer some evidence which contradicts the various affidavits and circumstantial evidence offered by the government. He must show that he has at least an arguable complaint; until then the complaint is merely a hypothetical question which the Court should not be called upon to decide. *United States v. Bokine,* 523 F.2d 767, 769 (5th Cir.1975).

In *Bokine,* the court was considering a question similar to the one in this case, where the trial record did not reflect whether the appellant was present when the court and the attorneys discussed and responded to a jury note. Upon appeal, trial counsel *assumed* that appellant was absent from the meeting and therefore asserted that plain error had occurred. The *Bokine* court noted that appellant had set up a "straw man," and refused to consider the hypothetical question of whether appellant's absence would have been plain error until he presented an arguable complaint. *Bokine,* 523 F.2d at 769. This approach does not conflict with the law of this circuit as applied in *Near v. Cunningham,* 313 F.2d 929 (4th Cir.1963). In *Near,* a § 2254 case, the district court refused to explore whether or not petitioner had been present during a bench conference held in chambers because the state court had certified that "at all times during the trial of (the) case the accused was personally present." Holding that absolute reliance on the flat recital of record was erroneous, especially where the record was ambiguous, the circuit court noted that the state court certification was ambiguous as to whether "trial" included only courtroom proceedings or whether it also included proceedings held in chambers. Thus, there was a legitimate, non-frivolous factual question to explore in *Near* and the case was remanded for appropriate proceedings. *Near v. Cunningham,* 313 F.2d 929.

In this case, there is no record available, but the sworn statements of the major witnesses have already been provided to

the Court, demonstrating the recollection of the parties who were most intimately involved with the proceeding. Curiously, Webster's experienced trial attorney "cannot remember," but the two prosecutors and the special agent *do* remember, with memories bolstered by a knowledge that as a matter of course, courtroom proceedings of such gravity do not go forward without the presence of the accused. Additionally, the only available documentation demonstrates that the marshal returned to the courtroom after lunch, which provides circumstantial evidence that Webster also returned to the courtroom after lunch.

Because this is a § 2255 motion, it is being heard by the same Court which heard the original case. The trial was a memorable one: there were multiple defendants, it was held in the ceremonial courtroom, and it involved allegations of serious illegal activity. Although the Court has no specific memory of Webster being in the courtroom at the disputed time, there was a conciousness on the part of the Court and all counsel throughout the trial that it was vital for all of the defendants and counsel to be present. Furthermore, it is the policy in this Court to never proceed in a criminal trial without the presence of the accused. Although this Court's policy and memory are not the primary basis for this decision, they do support the evidence which the parties have submitted. The sentencing judge's recollection of the disputed events may assist the judge in resolving a motion under a § 2255. *Blackledge v. Allison*, 431 U.S. 63, 74, n. 4, 97 S.Ct. 1621, 1629 n. 4, 52 L.Ed.2d 136 (1977).

Where the motion, files and records of a case conclusively show that petitioner is entitled to no relief, a hearing is unnecessary. 28 U.S.C. § 2255. *See Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

Upon consideration of the evidence presented by the government and the dearth of evidence offered by petitioner, this Court concludes that no hearing is required and that the motion to vacate must be denied.

## ORDER

In accordance with the attached Memorandum, it is this 30th day of April, 1986, by the United States District Court for the District of Maryland, ORDERED:

1. That petitioner's motion to vacate his sentence and the underlying judgment of conviction BE, and the same hereby IS, DENIED;

2. That judgment BE, and the same hereby IS, ENTERED in favor of the respondent; and

3. That a copy of this Memorandum and Order be mailed to the parties.