**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2427

UNITED STATES OF AMERICA,

Appellee,

v.

KING L. CHAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
and Stahl, Senior Circuit Judge.

Kathleen M. McCarthy on brief for appellant.
Donald C. Lockhart, Assistant U.S. Attorney, and Robert Clark
Corrente, United States Attorney, on brief for appellee.

December 15, 2006

**Per Curiam**.  King L. Chan ("Chan") appeals from his above-guidelines sentence on the grounds that (1) the court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(5); (2) the court imposed an unreasonably high sentence; (3) the court abused its discretion in requiring him to undergo mental health treatment as a special condition of supervised release; (4) the court erred in delegating to the probation officer the responsibility to determine the nature of the mental health treatment required; and (5) the court erred in imposing a fine in the written judgment.  We will consider those arguments in that order.

The short answer to Chan's objection to the four-level enhancement under U.S.S.G. § 2K2.1(b)(5), for possession of a firearm with intent to use it in another felony offense, is that he waived that objection by first raising it as an objection to the presentence report and then affirmatively withdrawing it at sentencing.  United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002).

As to the reasonableness of the ultimate sentence, the district court expressly considered, but reasonably rejected, each of the mitigating arguments advanced by Chan.  First of all, the court rejected Chan's argument that he never intended to carry out the conspiracy to rob the gun store but that the plans were merely the story line for a book he intended to write.  After reviewing

-2-

the presentence report and hearing extended argument from both parties, the court concluded, based on the overt acts Chan had taken to implement the plan--casing the location, training the participants, and purchasing and sawing off a shotgun--that, at the time of his arrest, he intended to carry out the robbery. However, the court stopped short of finding that, when "push came to shove," he would actually do so. On that, the court gave Chan "the benefit of the doubt," stating that, otherwise, the sentence "would be a lot higher."

The court also expressly considered the other mitigating factors Chan advanced--that he had voluntarily enlisted in the Marines, that he has no prior criminal record, and that he comes from a "very good family"--but found those considerations outweighed by the "horrific" nature of the offense that Chan had planned.[1] Given the "very, very violent" nature of those plans, the court concluded that a sentence within the guidelines range of 30 to 37 months would be too "lenient," and that a slightly higher sentence of 42 months was necessary to address the statutory factors, particularly the nature of the offense, 18 U.S.C. § 3553(a)(1). We find that explanation "plausible," United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc), and

---

[1]According to the presentence report, which Chan ultimately did not dispute, the plan to steal guns from a licensed firearms dealer included using a sawed-off shotgun, wrapping the storeowner in duct tape, and setting fire to the store with the owner still inside.

the resulting sentence "within reasonable limits," <u>United States</u> v. <u>Scherrer</u>, 444 F.3d 91, 93 (1st Cir. 2006) (en banc).  Accordingly, we defer to the district court's on-the-scene judgment.  <u>Jiménez-Beltre</u>, 440 F.3d at 519.

As a condition of supervised release, the court required that Chan "undergo a program of mental health counseling and treatment to be determined by the probation officer, either inpatient or outpatient."  As the basis for imposing that condition, the court stated that "there may be some psychological problems here that may have contributed to the situation in which you now find yourself and, if so, I think you can use the help in dealing with that problem so that it doesn't continue to plague you for the rest of your life and you can turn your life around."  After announcing that  condition and others, the court gave the parties an opportunity to raise "[a]nything further," but defense counsel raised no objections.

Even assuming that Chan did not thereby forfeit the objections to the mental health treatment condition raised here, <u>but</u> <u>see</u> <u>United States</u> v. <u>Sepúlveda-Contreras</u>, 2006 WL 3020263, at * 5 (1st Cir. Oct. 25, 2006); <u>United States</u> v. <u>Mojica-Rivera</u>, 435 F.3d 28, 35 (1st Cir.), <u>cert. denied</u>, 126 U.S. 1529 (2006), those objections can be quickly dispatched.  The guidelines themselves recommend such a condition "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric

-4-

treatment." U.S.S.G. § 5D1.3(d)(5). And, given the gruesome and compulsively detailed nature of Chan's plans, reflecting, as the government argued, "a fascination for violence," the district court did not clearly err or abuse its discretion in determining that Chan needed such treatment to rehabilitate himself and avoid future crimes of this nature. Nor did the district court err in delegating the determination of the precise form of treatment to the probation officer. See United States v. Allen, 312 F.3d 512, 516 (1st Cir. 2002).

Chan's challenge to the requirement that he pay the cost of his three years of supervised release, i.e., $10,358.28, is twofold. He argues, first, that this requirement was imposed, for the first time, in the written judgment, and second, that it conflicts with the court's statement, at sentencing, that it was "not going to impose any fine because . . . it doesn't appear [that Chan] ha[s] any assets with which to pay a fine."

Taken in context, there is nothing inconsistent between the oral sentence and the written judgment and nothing unreasonable about the requirement that Chan pay the required amount. At sentencing, although the court characterized the requirement as a condition of supervised release rather than a fine, the court expressly stated that it would "require . . . that [Chan] pay the cost of supervision." Chan was on notice as to the amount of that cost, since it was stated in the presentence report. In imposing

this requirement, the court recognized that Chan could not afford to pay the amount up front but stated that as a "young able-bodied intelligent young man," Chan would be able to get a job when he is released and so could bear the cost of the supervised release at that time. In further consideration of Chan's present inability to pay or to earn sufficient money to do so while in prison, the court stayed the running of interest until Chan is released from prison. Again, Chan's counsel voiced no objection to this requirement although given an opportunity to do so. The written judgment is to the same effect.

Whether characterized as a fine or a condition of supervised release, we see no abuse of discretion in imposing this requirement, see United States v. Uribe-Londoño, 409 F.3d 1, 4 (1st Cir. 2005), much less anything so plainly erroneous as to warrant granting relief on this forfeited ground, see United States v. Yeje-Cabrera, 430 F.3d 1, 19 (1st Cir. 2005) The guidelines themselves recommend that the court "impose a fine in all cases, except where the defendant establishes that he is . . . not likely to become able to pay any fine," U.S.S.G. § 5E1.2(a), and directs the court to consider, in determining the amount of the fine, "the expected costs to the government of any . . . term of supervised release imposed," id., § 5E1.2(d)(7). Given the guidelines' recommended range of $6,000 to $60,000 for the present offense level of 19, id. § 5E1.1(c)(3), the amount imposed here was

relatively low. The statute and guideline applicable to supervised release further require that if a fine is imposed and has not been paid upon release, the defendant be required to pay the fine, in installments, as a condition of supervised release. 18 U.S.C. § 3624(e); U.S.S.G. § 5D1.3(5). Thus, whether we view the requirement that Chan be required to pay the cost of his supervised release as a fine or as a condition of supervised release, we see no reason to overturn it.

Accordingly, the sentence is <u>affirmed</u>. <u>See</u> 1st Cir. R. 27.0(c).