# United States Court of Appeals
## for the Fifth Circuit

No. 19-10465

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2020

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Garcia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-293-12

Before Jolly, Southwick, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

In *United States v. Diggle*s, our en banc court restated the law regarding conditions of supervised release. 957 F.3d 551, 559 (5th Cir. 2020) (en banc), *cert. denied*, 2020 WL 6551832 (U.S. Nov. 9. 2020) (No. 20-5836). In a nutshell, district courts must orally pronounce supervision conditions that are discretionary under 18 U.S.C. § 3583(d), giving the defendant an opportunity to raise any objection prior to imposition of the sentence. *Id.* at 559, 563. Pointing to ambiguity in the record in this case, Jesus Garcia contends that the district court did not properly pronounce supervision conditions requiring him to participate in drug treatment and to pay at least

No. 19-10465

$25 per month towards its cost. Garcia also asserts that the payment condition is inconsistent with the district court's previous findings regarding his indigence and inability to pay a fine. We AFFIRM.

## BACKGROUND

Federal agents arrested Garcia on Friday, September 28, 2018. On October 1, United States Magistrate Judge Jeffrey L. Cureton determined that Garcia could not afford counsel and appointed a lawyer to represent him. On December 19, Garcia pled guilty to conspiracy to possess with intent to distribute a controlled substance, heroin.

On April 22, 2019, the district court conducted a sentencing hearing for Garcia. According to the docket, the sentencing hearing was scheduled for 9:00 a.m. that day; the transcript does not indicate when the hearing actually occurred. After hearing Garcia's arguments for a downward variance, the district court imposed a within-guidelines sentence of 210 months of imprisonment. The sentencing guidelines permitted a fine between $40,000 and $1,000,000, but the court did not impose a fine because of Garcia's inability to pay. And though the court expressly recommended that the Bureau of Prisons allow Garcia to participate in its Residential Drug Abuse Program, the court did not mention any requirement that Garcia undergo drug treatment during supervised release and pay for a portion of the treatment's cost.

During the hearing, the district court ordered three years of supervised release after incarceration. Specifically, the following exchange occurred:

> THE COURT:     I also order that upon your release you be placed on supervised release for a term of 3 years. While on release you shall comply with the standard conditions contained in

No. 19-10465

this judgment as well as the mandatory and special conditions stated herein. Have you gone over those conditions with your client?

[COUNSEL]:        Yes, sir.

THE COURT:       Do you understand those conditions, sir?

DEFENDANT:      Yes, sir.

THE COURT:       Do you or your client have any objections to any of these conditions?

[COUNSEL]:        No.

THE COURT:       Then I order these conditions imposed.

At 10:17 the morning of the hearing, the district court filed an Order Setting Additional Terms of Supervised Release. The order was signed by Garcia, but there is no indication when he signed it. The next day, the district court entered its Judgment in a Criminal Case. Substantively, both the order entered at 10:17 on April 22 and the judgment entered on April 23 contain various conditions of supervised release, including requirements that Garcia participate in drug treatment and pay at least $25 per month of its cost. But it is not clear from the record whether Garcia received either the order or a draft of the judgment before, during, or after the sentencing hearing.

And that is the nub of this appeal. Garcia contends that the district court did not orally pronounce the drug treatment and payment conditions during the hearing, such that those conditions must be set aside. Garcia also asserts that the payment condition is inconsistent with the district court's previous findings regarding his inability to afford counsel and pay a fine. We address each issue in turn.

## STANDARD OF REVIEW

The parties disagree about the applicable standard of review. When the district court asked if Garcia or his attorney objected to the supervision conditions "contained in this judgment," Garcia's attorney declined. Because Garcia did not object to the supervision conditions in district court, the Government contends that plain-error review applies. *See Diggles*, 957 F.3d at 559 ("When a defendant objects for the first time on appeal, we usually review only for plain error."). By contrast, Garcia contends that we should review for abuse of discretion because it is not clear that he received either the Order Setting Additional Terms of Supervised Release or a draft of the written judgment before sentencing and therefore did not have an opportunity to object to the challenged supervision conditions in district court. *See United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020).

In *United States v. Franklin*, it was similarly unclear whether the defendant had an opportunity to object to a mental health treatment condition during sentencing. 838 F.3d 564, 567 (5th Cir. 2016). Proceeding with "an abundance of caution," this court reviewed the treatment condition for abuse of discretion. *Id.* Following *Franklin*'s approach, we likewise review the conditions at issue here for abuse of discretion.

## DISCUSSION

### A.

When pronouncing Garcia's sentence, the district court did not mention that Garcia would be required both to undergo drug treatment during supervised release and to pay part of his treatment cost. But the district court included these supervision conditions in its written judgment. Thus, Garcia asserts that the written judgment conflicts with the oral pronouncement. *See United States v. Martinez*, 250 F.3d 941, 942 (5th Cir.

2001) ("The district court's failure to mention mandatory drug treatment in its oral pronouncement constitutes a conflict, not an ambiguity.")

After Garcia's sentencing hearing, this court clarified the law regarding oral pronouncements in *Diggles*. To allow for objections, district courts must orally pronounce conditions that are discretionary under 18 U.S.C. § 3583(d). *Diggles*, 957 F.3d at 559, 563. Examples of discretionary conditions include allowing access to financial information, refraining from gambling, participating in treatment programs, and making timely child-support payments. *Id.* at 559; *see also Gomez*, 960 F.3d at 179. The post-release treatment and payment conditions the district court included in Garcia's sentencing orders are discretionary. *See Gomez*, 960 F.3d at 179. Thus, the district court must have orally pronounced them at sentencing.

Still, "word-for-word recitation" is unnecessary. *Diggles*, 957 F.3d at 562. Instead, district courts can orally adopt a document listing supervision conditions, so long as the defendant has an opportunity to review the document with counsel and lodge any objection prior to imposition of the sentence. *Id.* at 561 n.5. "[T]here are no magic words required to satisfy this [oral pronouncement] obligation." *United States v. Molina-Alonso*, No. 18-40504, 2020 WL 6494227, at *3 (5th Cir. Nov. 4, 2020) (unpublished) (affirming supervision conditions when the district court adopted a presentence report's "findings" instead of its "conditions"). Thus, the district court in this case properly pronounced the treatment and payment conditions at issue if it (1) orally adopted a document listing those conditions *and* (2) ensured that Garcia had an opportunity to review the document with counsel prior to imposition of the sentence. *Id.*

During Garcia's sentencing hearing, the district court referred to "this judgment" and, after confirming that Garcia had no objection, orally adopted both the "standard conditions" and "mandatory and special

conditions stated therein." Ostensibly, by referencing "this judgment," the district court appeared to adopt the supervision conditions eventually contained in the Judgment in a Criminal Case. But the judgment was entered the day after the hearing. The government posits that the district court was instead referring to the Order Setting Additional Terms of Supervised Release, which the government asserts was provided to Garcia at his sentencing hearing. At the least, the record reveals that the order was signed by Garcia before it was entered at 10:17 the morning of the hearing. The order contains the same supervision conditions as the written judgment; both include the conditions at issue.

Garcia seizes on the ambiguity in the record to contend that the district court did not properly pronounce the conditions. He conjectures that the district court might have been referring to yet another document, possibly the "Standard Conditions of Probation or Supervised Release" provided by the Northern District of Texas's Probation and Pretrial Services. As its title suggests, that document contains only standard supervision conditions, not the special conditions imposed here.

By itself, an indeterminate exchange during the sentencing hearing does not warrant remand. The district court mentioned both "standard" and "mandatory and special conditions" contained in the "judgment" it adopted at sentencing. Both the order entered on the day of Garcia's sentencing and the judgment entered the day after contain not only the "standard" conditions contained in the "Standard Conditions of Probation or Supervised Release" but also the special conditions at issue. Thus, any ambiguity in the district court's oral pronouncement as between those two documents would not matter; either could have been used properly to pronounce the conditions. *See United States v. Robinett*, No. 18-11402, 2020 WL 6053363, at \*8 (5th Cir. Oct. 13, 2020) (unpublished); *cf. United States v. Omigie*, 977 F.3d 397, 407 (5th Cir. 2020) (remanding because the district

court adopted PSR that omitted the challenged supervision condition but did not reference sentencing recommendation that actually contained the condition).

The problem for Garcia's argument is that in the face of this somewhat opaque record, he never asserts that he was not informed of the supervision conditions prior to his sentencing hearing. *See Robinett,* 2020 WL 6053363, at *8 (affirming a supervision condition because defendant's "brief [did] not assert that neither he nor his counsel was aware of the written order imposing this condition until after the oral sentencing hearing concluded.") (citing *United States v. Bokine*, 523 F.2d 767, 769 (5th Cir. 1975)). Because Garcia does not assert a lack of notice and fails to support his contention that the ambiguity in the record indicates that the district court failed to pronounce the conditions at issue, "[w]e will not declare error in these circumstances." *Id.*

## B.

Garcia challenges the payment condition on another ground. This condition requires Garcia to pay at least $25 per month for his drug treatment expenses during supervised release. Garcia asserts that the payment condition is inconsistent with the district court's previous findings that he is indigent, specifically that he could not afford a lawyer or pay a fine. Garcia further contends that the payment condition puts him at risk of debtors' imprisonment.

We are not persuaded that the district court's findings related to Garcia's current indigence are inconsistent with a future payment condition. To the contrary, Garcia may be able to pay $25 per month once he leaves prison and finds employment. Garcia's presentence report finds him to be employable, a finding the district court adopted (and Garcia did not contest). Indeed, Garcia's supervision conditions require him to "work regularly at a

lawful occupation unless excused by the probation officer." These findings regarding Garcia's employability are consistent with the treatment payment condition. *See United States v. Chan*, 208 F. App'x 13, 16 (1st Cir. 2006) (finding "nothing inconsistent" about a payment condition despite defendant's indigency because defendant "would be able to get a job when he is released and so could bear the cost of the supervised release at that time").

As for the debtors' imprisonment issue, district courts abuse their discretion by imposing payment conditions that are unrealistic in light of defendants' financial situations. *See United States v. Calbat*, 266 F.3d 358, 366 (5th Cir. 2001). But the $25 monthly payments ordered by the district court here are realistic and modest, given the district court's finding that Garcia is employable and the requirement that Garcia secure lawful employment upon release from prison. *See United States v. Scales*, 639 F. App'x 233, 238–41 (5th Cir. 2016) (affirming a $100 monthly payment schedule as "relatively modest" compared to defendant's earnings).

Regardless, even if it turns out that Garcia cannot afford to pay $25 per month upon release, the district court could not automatically revoke his supervised release. *See id.* at 241. Instead, the district court would first hold revocation proceedings and consider Garcia's circumstances and his reasons for being unable to pay. *Id.* at 240. If the district court then revoked his supervised release for inability to pay, Garcia could also appeal that decision. *Id.* at 241. As of now, we cannot conclude that the district court abused its discretion by requiring Garcia to pay $25 per month for his own drug treatment during his term of supervised release.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.