# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2021

Lyle W. Cayce
Clerk

No. 18-10266
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO MEDINA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-216-21

Before HIGGINBOTHAM, JONES, and Costa, *Circuit Judges*.

PER CURIAM:*

Fernando Medina pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). The district court sentenced Medina to 360 months of imprisonment followed by four years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Medina argues that the district court erred in imposing a special condition of supervised release that was not orally pronounced at sentencing. He claims that the written judgment includes a substance-abuse treatment requirement that was not pronounced at sentencing, and he urges this court to vacate his sentence and remand for resentencing to delete the special condition.

According to Medina, the appropriate standard of review is abuse of discretion because he had no meaningful opportunity to object to the unannounced special condition. The Government counters that Medina and his attorney had fair notice of the condition of supervised release and a meaningful opportunity to object to it at sentencing but did not, so review is for plain error. Where it is "unclear whether the defendant had an opportunity to object to a [special condition of supervised release] during sentencing," this court has, out of "an abundance of caution," reviewed the condition for an abuse of discretion. *United States v. Garcia*, 983 F.3d 820, 823 (5th Cir. 2020) (quoting *United States v. Franklin*, 838 F.3d 564, 567 (5th Cir. 2016)).

*Garcia* involved the same district court judge, and, as in Medina's case, when pronouncing the defendant's sentence, "the court did not mention any requirement that [the defendant] undergo drug treatment during supervised release and pay for a portion of the treatment's cost." *Garcia*, 983 F.3d at 822. Because the treatment condition was included in the written judgment, the defendant in *Garcia* argued that the written judgment conflicted with the oral pronouncement. *Id.* at 823.

This court declined to find error, noting that "[t]he district court mentioned both 'standard' and 'mandatory and special conditions' contained in the 'judgment' it adopted at sentencing." *Id.* at 824. Additionally, "[b]oth the order entered on the day of [the defendant's]

No. 18-10266

sentencing and the judgment entered the day after contain[ed] not only the 'standard' conditions . . . but also the special conditions at issue." *Id.*

The court's reasoning in *Garcia* is similarly applicable in Medina's case. At sentencing, the district court referred to the special conditions contained in "this judgment" and confirmed that Medina had gone over those conditions with his attorney. Both Medina's judgment of conviction and the "Order Setting Additional Terms of Supervised Release," which Medina signed the day of the sentencing hearing, contained the substance-abuse treatment condition. Finally, like the defendant in *Garcia*, Medina "never asserts that he was not informed of the supervision conditions prior to his sentencing hearing." 983 F.3d at 825. The district court in this case properly pronounced the special condition at issue. *See id.* at 824-25.

The judgment of the district court is AFFIRMED.