# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2022

Lyle W. Cayce
Clerk

No. 21-50892
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Ramon Mercado-Bravo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-62-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jose Ramon Mercado-Bravo pleaded guilty to one count of being found unlawfully in the United States after previous removal in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 15 months of imprisonment to be followed by three years of supervised release. On appeal,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50892

Mercado-Bravo contends that the 17 "standard" conditions of supervision set forth in the written judgment are discretionary and conflict with the district court's oral pronouncement of his sentence. The Government concedes that standard conditions 1 through 16 create an impermissible conflict.

Here, the portion of standard condition 17 appearing in the written judgment, requiring that Mercado-Bravo "not illegally re-enter the United States," was required by 18 U.S.C. § 3583(d) and, therefore, did not require oral pronouncement. *See* § 3583(d); *United States v. Vasquez-Puente*, 922 F.3d 700, 705-06 (5th Cir. 2019). The remainder of the 17 standard conditions of supervision that Mercado-Bravo challenges are not mandatory under § 3583(d). Therefore, the district court was required to pronounce each of them. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). Because Mercado-Bravo had no opportunity to object, our review is for abuse of discretion. *See United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020); *see also United States v. Garcia*, 983 F.3d 820, 823 (5th Cir. 2020).

"If the in-court pronouncement differs from the judgment that later issues, what the judge said at sentencing controls." *Diggles*, 957 F.3d at 557. "The key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). A conflict arises when the written judgment imposes more burdensome conditions or broadens the restrictions or requirements of the orally pronounced conditions. *See id.*; *United States v. Bigelow*, 462 F.3d 378, 383 (5th Cir. 2006). Here, the imposition of standard conditions 1 through 16 and the portion of standard condition 17 requiring that Mercado-Bravo "immediately report in person to the nearest U.S. Probation Office" if he is not deported or he lawfully reenters the United

No. 21-50892

States is more burdensome than the judgment would have been without them.

Accordingly, the judgment of the district court is VACATED in part, and the matter is REMANDED to the district court for the limited purpose of conforming the written judgment with the oral pronouncement of sentence. In all other respects, the judgment of the district court is AFFIRMED.